UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-20582-CR-MARTINEZ/AOR

UNITED STATES OF AMERICA,

v.

RAKEEM ASAAD DAVIS,

Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the undersigned by Order of Reference issued by the Honorable Jose E. Martinez, United States District Judge, pursuant to Title 28, United States Code, Section 636 [D.E. 74]. The Order of Reference requires a Report and Recommendation as to the appropriateness of the Voucher submitted pursuant to the Criminal Justice Act ("CJA") (hereafter, "CJA Voucher") by counsel for Defendant Rakeem Asaad Davis ("Defendant").

Upon a thorough review of this matter, the undersigned respectfully recommends that an adjustment be made to the CJA Voucher as set forth below.

## PROCEDURAL BACKGROUND

On August 17, 2017, the grand jury returned an Indictment charging Defendant with the single offense of possession of a firearm and ammunition by a convicted felon on July 29, 2017. See Indictment [D.E. 9]. Defendant was initially represented by the Federal Public Defender ("FPD") [D.E. 6, 12]. On August 25, 2017, the Court granted the FPD's Motion to Withdraw and on September 6, 2017, the undersigned appointed Attorney Ruben Garcia ("Attorney Garcia") to represent Defendant [D.E. 13, 14, 18].

Trial was held on November 6 and 7, 2017 [D.E. 45, 47]. The jury found Defendant guilty [D.E. 52]. On January 10, 2018, Defendant was sentenced to a term of 100 months followed by 3 years of supervised release [D.E. 61].

The CJA voucher submitted by Attorney Garcia requests compensation in the amount of $13,679.42, which consists of $11,338.80 in fees for out-of-court hours, $1,914.00 in fees for in-court hours, $377.42 in travel expenses and $49.20 in other expenses.

## APPLICABLE GUIDELINES

The United States Judicial Conference developed the Guidelines for Administering the CJA and Related Statutes (the "Guidelines") to assist courts in the application of the provisions of the CJA. See In re Berger, 498 U.S. 233, 234 (1991). In the Guidelines, judges are "urged to compensate counsel at a rate and in an amount sufficient to cover appointed counsel's general office overhead and to ensure adequate compensation for representation provided." See Section 630.20 of the Guidelines. The CJA Plan for the Southern District of Florida explicitly states that "[p]ayment of fees and expenses shall be made in accordance with the provisions of the [Guidelines]."

The CJA at 18 U.S.C. § 3006A(d)(1) provides that at the conclusion of CJA representation, an appointed attorney shall be compensated for time expended in court and for time "reasonably expended out of court" and shall be reimbursed "for expenses reasonably incurred." The district court, as the body empowered to "fix" the compensation of CJA-appointed counsel, has the statutory authority and discretion to determine what is a reasonable expense or a reasonable use of billable time. 18 U.S.C. § 3006A(d)(5); United States v. Griggs, 240 F.3d 974 (11th Cir. 2001). Therefore, the undersigned reviews Attorney Garcia's submission for reasonableness with respect to his out-of-court hours.

## DISCUSSION

The CJA Voucher under consideration reflects the following out-of-court hours by category:

| Category | Hours | Amount ($) |
|---|---|---|
| Interviews and Conferences | 18.2 | 2,402.40 |
| Obtaining and Reviewing Records | 24.0 | 3,168.00 |
| Legal Research and Brief Writing | 12.6 | 1,663.20 |
| Travel Time | 16.2 | 2,138.40 |
| Investigative and Other work | 14.9 | 1,966.80 |
| **Total** | **85.9** | **11,338.80** |

Attorney Garcia has submitted a Motion for Authorization to Waive Statutory Maximum for Attorneys' Fees, which states: "This case is a case involving Possession of a fire arm by a convicted Felon that proceeded to a one and one [] half days trial requiring trial preparation and extensive conferences with the Defendant." Notwithstanding this explanation, the undersigned finds that the total of close to 86 out-of-court hours appears excessive, given that Defendant was charged in a single count as felon in possession and that the trial lasted less than two days.

Based on the foregoing considerations, the undersigned respectfully recommends that the hours for the out-of-court categories be reduced by one-third.

| Category | Hours | Amount ($) |
|---|---|---|
| Interviews and Conferences | 12.1 | 1,597.20 |
| Obtaining and Reviewing Records | 16.0 | 2,112.00 |
| Legal Research and Brief Writing | 8.4 | 1,108.80 |
| Travel Time | 10.8 | 1,425.60 |
| Investigative and other work | 9.9 | 1,306.80 |
| **Total** | **57.2** | **7,550.40** |

## RECOMMENDATION

In accordance with the foregoing, the undersigned RESPECTFULLY RECOMMENDS that Attorney Garcia's CJA Voucher be approved in the amount of $9,891.02, consisting of

$7,550.40 in fees for out-of-court hours, $1,914.00 in fees for in-court hours, and $377.42 in travel expenses and $49.20 in other expenses.

Pursuant to Local Magistrate Judge Rule 4(b), the parties have fourteen days from the date of this Report and Recommendation to file written objections, if any, with the Honorable Jose E. Martinez. Failure to timely file objections shall bar the parties from attacking on appeal the factual findings contained herein. See Resolution Tr. Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993). Further, "failure to object in accordance with the provisions of [28 U.S.C.] § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." See 11th Cir. R. 3-1 (I.O.P. - 3).

RESPECTFULLY SUBMITTED in Miami, Florida this 8th day of February, 2018.

_____
ALICIA M. OTAZO-REYES
UNITED STATES MAGISTRATE JUDGE

cc:   United States District Judge Jose E. Martinez
      Counsel of Record